# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 5:18cr5-RH

JERRY LEWIS, JR.,

      Defendant.

_____/

## ORDER DENYING THE MOTION
## TO ATTEND FUNERAL

The defendant Jerry Lewis, Jr. pleaded guilty to possessing a firearm as a convicted felon. He was adjudicated guilty and is awaiting sentencing. He has been detained since his arrest.

Mr. Lewis wishes to attend his mother's funeral and has moved for an order requiring the Marshals Service to take him there. Mr. Lewis does not ask for release. The motion does not give the date of the funeral, but Mr. Lewis's attorney has advised the courtroom deputy clerk that the funeral will occur on Saturday, May 26, 2018—the day after tomorrow. Mr. Lewis has offered to pay—that is, to have relatives pay—the cost the Marshals Service would incur to keep Mr. Lewis in detention while taking him to the funeral.

The Bail Reform Act allows release of a person who is awaiting sentencing and whose guideline range will recommend a term of imprisonment—as will be true for Mr. Lewis—only if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a). I cannot make that finding for Mr. Lewis. He cannot properly be released. And even if I had discretion to release Mr. Lewis, I would exercise that discretion not to do so. The circumstances of this offense indicate that Mr. Lewis poses a danger to the community.

Perhaps recognizing that he cannot meet the standard for release under the Bail Reform Act, Mr. Lewis asks instead to remain in detention but to be taken to the funeral by the Marshals Service. Taking prisoners into the community can properly be done in some circumstances but poses a risk and consumes Marshals Service resources that ordinarily can be better devoted to other tasks. Missing important events is an unfortunate collateral consequence of a federal sentence— or, as here, of federal detention prior to sentencing. Even if I could properly order the Marshals Service to take Mr. Lewis to the funeral—not an obvious proposition—I would exercise my discretion not to do so.

For these reasons,

IT IS ORDERED:

The emergency motion to be escorted to the funeral, ECF No. 54, is denied.

SO ORDERED on May 24, 2018.

                                       <u>s/Robert L. Hinkle</u>
                                       United States District Judge